UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN FREDERICK WHEELER, | ) | 1:11-cv-01045-LJO-JLT |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO PROCEED |
| | ) | IN FORMA PAUPERIS (Doc. 2) |
| | ) | |
| v. | ) | ORDER TO THE CLERK TO ASSIGN A |
| UNITED STATES, | ) | DISTRICT JUDGE TO THIS MATTER |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | DISMISSING THE ACTION WITH |
| Defendant. | ) | PREJUDICE FOR LACK OF JURISDICTION |
| | ) | (Doc. 1) |

Plaintiff John Frederick Wheeler ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on June 23, 2011, asserting claims against the United States Postal Service ("Defendant"). (Doc. 1). Plaintiff filed his motion to proceed *in forma pauperis* on June 23, 2001 as well. (Doc. 2). For the following reasons, the Court recommends Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.**

**I.  Proceeding *in forma paueris***

The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. §

1

1915(a). The Court has reviewed the application and has determined that it satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED**.

## II.  Screening Requirement

In accord with 28 U.S.C. 1915(e)(2), the Court screened Plaintiff's Complaint because he was proceeding *in forma pauperis*. The Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).

## III.  Pleading Requirements

The Federal Rules of Civil Procedure outline the general requirements of pleading a complaint. A complaint is required to have a "short and plain statement" that outlines the grounds for jurisdiction in that court as well as "showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a). *Pro se* complaints are generally held to "less stringent standards" than complaints drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must afford fair notice to the defendant as well as state the elements of the claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The complaint is supposed to give the defendant fair notice of the claims that are being brought against him/her as well as the grounds for bringing them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Allegations that are conclusory and vague do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court further clarified that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949.  A Court is required to assume as true in the light most favorable to the plaintiff, any well-pled factual allegations, when determining if the plaintiff is entitled to relief. *Id.*  However, this tenet is "inapplicable to legal conclusions." *Id.*  If a complaint fails to state a recognizable claim, the Court has the discretion to grant leave to amend the complaint in order to amend the deficiencies in the factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.   § 1983 Claims

Section 1983 of title 42 of the United States Code does not confer substantive rights; but instead provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).  Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of

which complaint is made"). Lastly, similar to any other complaint, conclusory allegations that lack supporting facts are insufficient to state a claim under § 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

## V.  Discussion & Analysis

Plaintiff alleges the Defendant violated his First, Fifth, and Fourteenth Amendment rights when they deliberately refused to forward his mail to his new address and kept sending it to his old address. (Doc. 1 at 1-2). Plaintiff states he filed a change of address form with the U.S. Post Office at Planz Road to change his address to 2201 Hughes Lane, Bakersfield, CA 93304. *Id.* He claims the post office notified him that pursuant to Postal Operations Manual 615.2 they were unable to forward mail from his previous address, 1010 S. Union Ave., Bakersfield, CA 93307, because it was a motel business address and therefore they would keep sending his mail there. *Id.* at 2, 14-15. Plaintiff claims Defendant is liable for these actions under section 1983 because they amount to a violation of his constitutional rights. *Id.* at 1.

The United States has sovereign immunity and "may not be sued without its consent." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). This consent is a prerequisite for jurisdiction to be established. *Id.* The government's waiver of sovereign immunity "must be unequivocally expressed in statutory text" and cannot be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996). However, section 1983 does not constitute a waiver of sovereign immunity. *Jachetta v. United States*, 2011 U.S. App. LEXIS 15808, at *20 (9th Cir. Aug. 1, 2011). A federal agency is not a "person" as defined in section 1983 and therefore is not subject to liability under section 1983. *Id.* Therefore, because Defendant is a federal agency, it is immune from Plaintiff's section 1983 claim and this Court lacks jurisdiction.

## VI.  Findings and Recommendations

For the foregoing reasons, the Court finds Defendant is immune from Plaintiff's claim and this Court lacks jurisdiction.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motions to Proceed In Forma Pauperis (Doc. 2) is **GRANTED**;
2. The Clerk of Court IS DIRECTED to assign a district judge to this matter;

3. It is **HEREBY RECOMMENDED** Plaintiff's Complaint (Doc. 1) be DISMISSED WITH PREJUDICE.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FOURTEEN (14) days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 2, 2011**               /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE